### ISABELLA MOORE *v.* JACOB STEIDEL, ET AL.

When a testator, who died in 1854, devised real estate to his widow, a part of which, subsequent to the date of the will, but previous to his decease, was sold on execution as his property, and the widow, in conformity with

the law, elected to take under the provisions of the will, she is barred of dower in the lands sold on execution.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered in favor of the defendant by Gholson, J., at the special term of December, A. D. 1855.

The facts are sufficiently stated in the decision.

*Daniel Van Matre*, for plaintiff in error.

*Mallon & McDowell*, for defendants in error.

STORER, J., delivered the opinion of the court.

The plaintiff claims to be the widow of Hugh Moore, deceased, who was seized, in fee, during her coverture, of lots five and six in a subdivision in the northern part of Cincinnati. The marriage, seizin, and death of the husband are admitted, and the plaintiff is entitled to judgment, unless she is barred by the provision made for her in her husband's will, under which she has elected to take. It appears that Hugh Moore died in July, 1854. In 1846 he made his will, devising to the plaintiff a life-estate in certain real estate therein named by him, and by a codicil to his will, dated in 1848, he further devised to her, in fee, an undivided fifth part of a tract of land owned by him and said to contain about eleven acres. After this, the whole tract was subdivided, by order of court, and partition made among the several owners. In the portion set apart to Moore, the lots in which the plaintiff claims her dower, were undivided. Subsequently, and a short time before his death, the same lots were sold on execution, as the property of Moore, and are now owned by the defendants. The will and codicil were admitted to probate shortly after the testator's death, and the plaintiff, in due form, as required by section 44 of the statute relating to wills, Swan's St. 1029, ch. 122, elected to take under the provisions of the will. This election was made before the judge of probate, and regularly entered upon the minutes of the court.

On this state of fact, it is contended that the plaintiff is barred of her dower. By section 43 of the statute already referred to, it is provided, that "if any provision be made for a widow in the will of her husband, she shall, within one year after the probate of the will, make her election whether she will take such provision, or be endowed of his lands; but she shall not be entitled to both, unless it plainly appears by the will, to have been the intention of the testator that she should have such provision in addition to her dower." By a clause of section 44, it is further declared: "If the widow elects to take under the will, she shall be barred of her dower, and take under the will alone."

It is argued that these sections should be construed to mean that it must clearly appear, by the language of the devise, to have been the intention of the testator to bar the widow, and if no such intention is named, expressed, or necessarily implied, the wife can not be barred by accepting her provision under the will.

The language of the statute, without any other construction than that which its terms literally import, forbids this conclusion, however different may be the rule of the common law, and of that which obtains in most of the States of the Union. That rule only requires that it should manifestly appear that it was the intention of the testator to devise an estate in satisfaction of dower, before the widow shall be put to her election. His intention should be free from all ambiguity, and the provision made for his wife be inconsistent with her claim at law; 1 Jarman on Wills, 397, where the English and American cases are examined at length. When the statute now in force in Ohio, was enacted, we suppose the legislature intended to establish a new rule, one that should be the reverse of that already established. The law was passed in 1852, and repealed that of 1840, Swan, 992, re-enacting section 45 of the latter. The law of 1840 repealed that of 1831, Vol. 29, O. L. 243, by section 4 of which it

was provided: "That the right of dower of the widow of any testator shall not be prejudiced, unless any legacy or devise to such widow, in the will contained, shall be expressly specified to be in lieu of dower; and in case of a devise, in lieu of dower, if the widow shall, within six months after probate of the will, make known to the court of common pleas, her election to relinquish her dower and claim under the will, then her election, when made and entered of record, shall bar her dower in the estate of the testator. If she should fail to make her election, she shall retain her dower and take nothing by the will."

It is apparent that the law now in force, as well as that of 1840, materially changed the provisions of the statute of 1831, which followed the rule of the common law.

The statute now in force is similar to that which has existed for many years in Massachusetts and Maine. It declares that the widow, when a provision is made for her by her husband's will, shall not receive the same in addition to her dower, unless it plainly appears it is the testator's intention she shall so receive it. A construction has been given by the courts of both States to the statute, in harmony with that we feel bound to give to our own. In 12 Pick. 148, *Reed* v. *Dickerman*, it was held that the clause referred to, reversed the presumption of the common law, and the provision in the will is deemed to be in lieu of dower, unless it plainly appears that the testator intended it should be in addition to it. The same view is taken in 3 Fairfield, 138, 142, *Allen* v. *Pray.*

If there had been no such provision in the statute of 1852, as that to which we have already referred, the devises in the will of the plaintiff's husband were inconsistent with her claim to dower, and would require her to elect. The whole estate, amounting to a very large sum in value, of which the testator died seized, appears to be given to the wife, either for life or in fee, and a clear case, we think, is presented for the application of the ordinary rule, where the

widow seeks to recover her dower in property conveyed by the husband in his lifetime, or the title to which was aliened by operation of law.

The election of the plaintiff has determined her claim to dower, and the judgment of the court at special term is affirmed.